UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES R. WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV866 JCH |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner James R. Walker's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On January 30, 2002, Petitioner pleaded guilty to second-degree burglary. (Resp. Exh. 1, Doc. No. 7-2, P. 2). On June 28, 2002, the trial court sentenced Petitioner as a prior and persistent offender, to twenty years imprisonment. (Id.). The trial court suspended the execution of Petitioner's sentence, however, instead placing him on five years probation. (Id.).

On January 6, 2003, the trial court suspended Petitioner's probation for violations. (Resp. Exh. 1, P. 2). The trial court held a probation revocation hearing on December 5, 2003, after which it revoked Petitioner's probation and ordered his previously imposed sentence to be executed. (Id.).

On March 9, 2005, Petitioner filed a motion to alter or amend, which the trial court construed as a motion under Missouri Supreme Rule 24.035. (§ 2254 Petition, Doc. No. 1, P. 10). Petitioner also filed a motion pursuant to Missouri Supreme Court Rule 29.12, on May 2, 2005. (Id.). Counsel was appointed for purposes of Petitioner's Rule 24.035 post-conviction motion, but then was

permitted to withdraw before the motion was ruled. (Id.). Petitioner's motions for post-conviction relief were denied on May 4, 2005. (Id.).

On October 24, 2006, Petitioner filed a petition for declaratory judgment in state court, arguing that because Section 558.016.7, RSMo 2000, was amended in 2003, he was entitled, under Section 1.160, to the new range of punishment of five to fifteen years of imprisonment for the class C felony of second-degree burglary. (Resp. Exh. 1, P. 2). The State moved for judgment on the pleadings, contending that Section 558.016.7 did not apply retroactively to crimes committed before the effective date of the statute. (Id.). Petitioner responded that he was not seeking retroactive application of the law, because his case was still pending when the law was amended. (Id.). The trial court granted the State's motion for judgment on the pleadings, and the ruling was upheld on appeal. (Id., PP. 3-5).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. As the Court construes the instant petition, Petitioner raises the following two claims for relief:

> (1) That Petitioner's Sixth, Eighth and Fourteenth Amendment rights were violated by the excessive punishment imposed by the trial court; and
>
> (2) That Petitioner received ineffective assistance of post-conviction counsel.

(§ 2254 Petition, PP. 5, 13-16).

## **DISCUSSION**

### I. **Non-Cognizable Claim**

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990); 28 U.S.C. § 2254(a). Claims that do not reach

constitutional magnitude cannot be addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In Ground 2 of his petition, Petitioner claims that he received ineffective assistance of post-conviction counsel, in that post-conviction counsel was permitted to withdraw before his motion was ruled. (§ 2254 Petition, PP. 13-14). There is no constitutional right to effective assistance of post-conviction counsel. Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir.) (citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992)), cert. denied, 513 U.S. 983 (1994). Because ineffective assistance of post-conviction counsel does not raise an issue of constitutional magnitude, the claim raised in Ground 2 of the instant petition is not cognizable in this proceeding and must be denied.

## II. **Claim Addressed On The Merits**

In Ground 1 of his petition, Petitioner claims his Sixth, Eighth and Fourteenth Amendment rights were violated by the excessive punishment imposed by the trial court. (§ 2254 Petition, PP. 14-16). Specifically, Petitioner alleges his twenty year sentence was beyond the permissible range of punishment for second-degree burglary committed as a prior and persistent offender, because after he committed his offense the maximum penalty was reduced to fifteen years. (Id.). Petitioner raised this claim in state court, by way of a motion for declaratory judgment. (Id., P. 10). On December 26, 2006, the state trial court denied Petitioner's motion. (Id., P. 11). Petitioner pursued the claim on appeal of the trial court ruling, and the Missouri Court of Appeals denied the claim as follows:

> The trial court found Walker was seeking a declaration that Section 558.016.7, RSMo Cum. Supp. 2007, should be applied retroactively to reduce his 2002 sentence from twenty years of imprisonment to fifteen years of imprisonment. The trial court held that Walker's claim failed as a matter of law and granted the state's motion for judgment on the pleadings. This appeal followed.
>
> In his sole point, Walker argues his sentence exceeds the range of punishment allowed by law because he is entitled to the 2003 version of

Section 558.016.7, which, he argues, came into effect while his case was pending. We disagree.

The standard of review in a declaratory judgment case is the same as that in a court-tried case. Levinson v. State, 104 S.W.3d 409, 411 (Mo. banc 2003). We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id.

Section 1.160, RSMo 2000, which describes the effect of the repeal or amendment of a penal Statute, provided:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:
>
> (1) That all such proceedings shall be conducted according to existing procedural laws; and
>
> (2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

Section 558.016.7, RSMo Cum. Supp. 2007 provides "[t]he total authorized maximum terms of imprisonment for a persistent offender or a dangerous offender are....[f]or a class C felony, any sentence authorized for a class B felony...." The terms of imprisonment authorized for a class B felony are "a term of years not less than five years and not to exceed fifteen years." Section 558.011, RSMo 2000.

However, the 2000 version of Section 558.016.7 provided "[t]he total authorized maximum terms of imprisonment for a persistent offender or a dangerous offender are....[f]or a class C felony, a term of years not to exceed twenty years...."

The change in Section 558.016.7, RSMo Cum. Supp. 2007, fits into the second exception in Section 1.160, RSMo 2000, because it is an alteration to the law that reduces the penalty or punishment for an offense. However, the language of Section 1.160(2), RSMo 2000, states that punishment will be assessed according to the amendatory law only if there is an alteration "of the law creating the offense prior to original sentencing."

- 4 -

> Where a court suspends the execution of sentence, only the act of executing the sentence has ben suspended. Edwards v. State, 215 S.W.3d 292, 295 (Mo. App. S.D. 2007). A criminal conviction has been entered and the sentence has been assessed. Id. A suspended execution of sentence is a final judgment. Id.; See also Barnes v. State, 826 S.W.2d 74, 76 (Mo. App. E.D. 1992) (holding that a defendant is not entitled to the benefit of a change of law when he receives a suspended execution of sentence because the judgment and sentence of the sentencing court had been entered before the change in the law).
>
> In this case, on June 28, 2002, the trial court sentenced Walker as a prior and persistent offender to twenty years of imprisonment. At the same time, the trial court suspended the execution of Walker's sentence and placed him on probation for five years. Therefore, Section 558.016.7, RSMo Cum. Supp. 2007, was not in effect prior to Walker's original sentencing, and, as a result, he was not entitled to a reduction in his sentence according to the amended statute. We find no error of law and affirm.

(Resp. Exh. 1, PP. 3-5 (footnote omitted)).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court holds the Missouri State Court's findings are neither contrary to federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. See Crawley v. Moore, 2007 WL 2811088 (E.D. Mo. Sept. 24, 2007). The determination

thus is entitled to deference pursuant to 28 U.S.C. § 2254(d), and Ground 1 of Petitioner's petition must be denied.[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 31st day of October, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] In light of the above rulings, the Court need not address Respondent's contention that Petitioner's petition was untimely filed.